IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH GRUSHEN,

    Petitioner,                                    No. 2:10-cv-3300 KJN P

    vs.

FREDERICK B. HAWS, Warden,

    Respondent.                                  ORDER

_____/

        Petitioner, a state prisoner proceeding without counsel, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis. Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

        On December 9, 2010, petitioner filed a document styled "Amended Petition," along with a motion for leave to amend the petition to "delete the unexhausted claims without prejudice to bringing [them] again in federal court if the California Supreme Court denies the petition containing the new unexhausted claims." (Dkt. No. 2 at 2.) Petitioner also seeks to stay this action pending a decision on the petition pending in the California Supreme Court, and has filed a motion for appointment of counsel.

Under <u>Rhines v. Weber</u>, 544 U.S. 269 (2005), a district court has discretion to grant a stay and abeyance of a mixed petition if: (1) "the petitioner had good cause for his failure to exhaust"; (2) "his unexhausted claims are potentially meritorious"; and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." <u>Rhines</u>, 544 U.S. at 278. The Supreme Court made clear, however, that because staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of federal proceedings and undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to first exhaust all his claims in state court, "stay and abeyance should be available only in limited circumstances." <u>Rhines</u>, 544 U.S. at 277. Even if a petitioner shows good cause, the district court should not grant a stay if the unexhausted claims are plainly meritless. <u>Id.</u> Finally, federal proceedings may not be stayed indefinitely, and reasonable time limits must be imposed on a petitioner's return to state court to exhaust additional claims. <u>Id.</u> at 277-78.

Good cause appearing, petitioner's motion for stay is granted. Petitioner states that after his appeal became final, petitioner discovered issues that counsel failed to raise on appeal, and filed a state court petition to address those claims. Petitioner declared under penalty of perjury that the California Supreme Court granted petitioner's motion to file an untimely petition on September 7, 2010, and that the petition in Case No. 518618, is presently pending before the California Supreme Court. Petitioner has exhausted one claim contained in the amended petition, and the unexhausted claims set forth in the attachment to the amended petition are presently pending in the California Supreme Court. Petitioner has demonstrated good cause for his failure to timely exhaust the unexhausted claims, which are potentially meritorious, and it appears petitioner diligently pursued exhaustion of these claims once he became aware that counsel had failed to raise them. Moreover, because Case No. 518618 is presently pending before the California Supreme Court, the delay in pursuing this action will not be unreasonable. No further amendment is required at this time; therefore, petitioner's motion to amend is denied.

Because this action is stayed pending exhaustion of state court remedies, petitioner's January 3, 2011 motion for appointment of counsel is denied without prejudice to its renewal once the stay is lifted.

Good cause appearing, IT IS HEREBY ORDERED that:

1. Petitioner is granted leave to proceed in forma pauperis (Dkt. Nos. 3, 5);

2. Petitioner's December 9, 2010 motion for stay (Dkt. No. 2) is granted; the motion to amend (Dkt. No. 2) is denied without prejudice;

3. This action is stayed pending exhaustion of state remedies as to petitioner's claims contained in state petition Case No. 518618;

4. Petitioner is directed to file a motion to lift the stay within thirty days after the date of any order by the California Supreme Court resolving the presently-unexhausted claims;

5. The Clerk of the Court is directed to administratively close this case; and

6. Petitioner's January 3, 2011 motion to appoint counsel (Dkt. No. 7) is denied without prejudice.

DATED: April 14, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

grus3300.sty

3