IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| KENNETH RAY GRUSHEN,<br><br>                    Petitioner,<br><br>            v.<br><br>FRED FOULK,[1] Warden, High Desert State<br>Prison,<br><br>                  Respondent. | No. 2:10-cv-03300-JKS<br><br>MEMORANDUM DECISION |

Kenneth Ray Grushen, a state prisoner proceeding *pro se*, filed a Petition for Writ of

Habeas Corpus with this Court pursuant to 28 U.S.C. § 2254.  Grushen is currently in the

custody of the California Department of Corrections and Rehabilitation and is incarcerated at

High Desert State Prison in Susanville, California.  Respondent has answered, and Grushen has

replied.

## I. BACKGROUND/PRIOR PROCEEDINGS

On July 22, 2007, Grushen went to Sharon Patrick's house and fired toward Patrick's

security door.  One bullet went through the door and struck Kenya White, Grushen's girlfriend,

in the left foot.  At trial, White testified that Grushen did not hurt her, either on that date or in the

past.  Patrick, however, testified that she saw Grushen approach her security door and shoot

twice at her door.  Patrick heard two gunshots, heard White say that she had been shot, and saw

blood coming out of White's foot.  A jury convicted Grushen of assault with a firearm causing

---

[1]     Fred Foulk, Warden, High Desert State Prison, is substituted for Frederick B.
Haws, former Warden, California State Prison, Los Angeles County, in Lancaster, California.
FED. R. CIV. P. 25(c).

great bodily injury, personally discharging a firearm at an inhabited dwelling, possession by a person barred by reason of a specified misdemeanor of both a firearm and ammunition, resisting a peace officer, and dissuading a witness.  The trial court sentenced Grushen to 30 years to life. White and Grushen married in jail after she was shot.

Through counsel, Grushen directly appealed, arguing that the trial court abused its discretion and violated Grushen's right to due process when it admitted into evidence Grushen's 2004 conviction for misdemeanor battery on White.  The California Court of Appeal denied Grushen relief in a reasoned opinion.

Grushen raised this same issue in his counseled petition for review filed with the California Supreme Court.  The supreme court summarily denied review.

Grushen filed a *pro se* petition for writ of habeas corpus with the San Joaquin County Superior Court, arguing that trial counsel was ineffective for: 1) failing to adequately investigate potential witnesses; 2) failing to investigate Patrick; 3) failing to investigate the crime scene; 4) failing to hire and present expert testimony regarding ballistic trajectory; 5) failing to "argue important points and introduce evidence"; 6) failing to advise him on how much prison time he faced if found guilty; 7) failing to "call important witnesses"; 8) and for "grossly neglect[ing] his basic duty as defense counsel."  Grushen further argued that his appellate counsel was ineffective for failing to raise an ineffective assistance of trial counsel claim on direct appeal.

The superior court denied Grushen relief on his claims, concluding that there was insufficient evidence to substantiate them because he presented no evidence "other than his own self-serving statements."

Grushen filed a second *pro se* petition with the superior court, arguing that trial counsel was ineffective for failing to effectively cross-examine Patrick and for failing to inform him of how much time he faced if convicted.  Grushen further argued that appellate counsel was ineffective for failing to raise on direct appeal the claim that the trial court erred in failing to *sua sponte* instruct the jury that it must find every element of the crime and special allegation beyond a reasonable doubt.

The superior court again denied Grushen relief, concluding that the record failed to show that the cross-examination of Patrick was deficient or anything other than trial tactics, and that, in addition, Grushen failed to demonstrate prejudice.  The court further concluded that "other than his own self-serving statements," Grushen failed to present any independent evidence that trial counsel failed to inform him of the possible sentence he faced if he proceeded to trial.

Grushen filed a third *pro se* petition for writ of habeas corpus with the superior court, alleging that appellate counsel was ineffective for failing to raise on direct appeal the claim that the trial court failed to strike the firearm enhancement and improperly imposed a consecutive sentence.  The superior court again denied relief.

Grushen filed a fourth *pro se* petition with the superior court, arguing that his convictions for discharge of a firearm at an inhabited dwelling and the enhancement for intentional use or discharge of a firearm causing great bodily injury or death should be reversed because they were based on insubstantial proof and because his sentence was disproportionate to the crimes.  The superior court again denied relief.

Grushen then filed a *pro se* petition for writ of habeas corpus with the California Court of Appeal, alleging that trial counsel was ineffective for failing to adequately cross-examine Patrick

and to inform him of how much time he faced if convicted, and that appellate counsel was ineffective for failing to raise on direct appeal the claim that the trial court erred in failing to *sua sponte* instruct the jury that it must find every element of a crime or special circumstance beyond a reasonable doubt.  The court of appeal summarily denied review.

Grushen then filed a second *pro se* petition with the court of appeal alleging that appellate counsel was ineffective for failing to raise on direct appeal the claim that the trial court erred in failing to strike the firearm enhancement and improperly imposed a consecutive sentence.  The appellate court again summarily denied review.

Grushen filed a third and final *pro se* petition with the court of appeal, arguing that appellate counsel was ineffective for failing to raise on direct appeal the claims that the trial court erred in failing to strike the firearm enhancement and that the court improperly imposed a consecutive sentence.  Grushen further argued that his convictions for discharge of a firearm at an inhabited dwelling and the enhancement for intentional use or discharge of a firearm causing great bodily injury or death should be reversed because they were based on insubstantial proof and because his sentence was disproportionate to the crimes.  Grushen additionally argued that trial counsel was ineffective for, *inter alia*, failing to investigate Patrick, interview witnesses, investigate possible defenses, photograph the crime scene, hire and present expert testimony, failing to call "important witnesses," gross neglect, and to advise him of how much prison time he faced if convicted.  The court of appeal summarily denied relief.

Grushen then filed a petition for writ of habeas corpus with the California Supreme Court.  Grushen alleged that trial counsel was ineffective for failing to adequately cross-examine Patrick and that appellate counsel was ineffective for failing to raise on direct appeal the claim

that the trial court erred in failing to *sua sponte* instruct the jury that it must find each element of

a crime beyond a reasonable doubt.  The supreme court summarily denied review.

Grushen timely filed his Amended Petition for Writ of Habeas Corpus with this Court on

June 6, 2012.

## II. GROUNDS RAISED

In his Amended Petition before this Court, Grushen argues that: 1) he was deprived of a

fair trial because the probative value of his prior conviction for misdemeanor battery on White

was substantially outweighed by a danger of undue prejudice, confusion of the issues, or

misleading the jury; 2) trial counsel was ineffective for failing to investigate Patrick and/or "the

case" where Patrick testified that she identified Grushen as the shooter after the police had

"threaten[ed] to involve C.P.S. against her"; 3) appellate counsel was ineffective for failing to

raise on direct appeal the claim that the trial court erred in failing to strike the firearm

enhancement and improperly imposed a consecutive sentence; and 4) appellate counsel was

ineffective "for failing to raise ineffective assistance of trial counsel on his behalf."

## III. STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C.

§ 2254(d), this Court cannot grant relief unless the decision of the state court was "contrary to, or

involved an unreasonable application of, clearly established Federal law, as determined by the

Supreme Court of the United States," § 2254(d)(1), or "was based on an unreasonable

determination of the facts in light of the evidence presented in the State court proceeding,"

§ 2254(d)(2).  A state-court decision is "contrary" to federal law "if the state court applies a rule

that contradicts the governing law set forth" in controlling Supreme Court authority or "if the

state court confronts a set of facts that are materially indistinguishable from a decision" of the Supreme Court but nevertheless arrives at a different result. *Williams v. Taylor*, 529 U.S. 362, 406 (2000).

The Supreme Court has explained that "clearly established Federal law" in § 2254(d)(1) "refers to the holdings, as opposed to the dicta, of [the Supreme Court] as of the time of the relevant state-court decision," *Williams*, 529 U.S. at 412, and not circuit precedent, *see Renico v. Lett*, 559 U.S. 766, 778-79 (2010). The holding must also be intended to be binding upon the states; that is, the decision must be based upon constitutional grounds and not on the supervisory power of the Supreme Court over federal courts. *Early v. Packer*, 537 U.S. 3, 10 (2002). Thus, where holdings of the Supreme Court regarding the issue presented on habeas review are lacking, "it cannot be said that the state court 'unreasonabl[y] appli[ed] clearly established Federal law.'" *Carey v. Musladin*, 549 U.S. 70, 77 (2006) (citation omitted).

In applying these standards in habeas review, this Court reviews this "last reasoned decision" by the state court. *Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991). Under AEDPA, the state court's findings of fact are presumed to be correct unless the petitioner rebuts this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

IV. DISCUSSION

Claim One: Admission of prior misdemeanor battery

Grushen first argues that he was deprived of a fair trial and due process by the admission into evidence of a 2004 misdemeanor battery against White under California Evidence Code § 1109, which allows the admission of prior acts of domestic violence to show propensity. CAL.

E<small>VID</small>. C<small>ODE</small> § 1109(a)(1).  Grushen argues that "the probative value of that evidence was

substantially out weighed [sic] by the probability that it's [sic] admission would create undue

prejudice, confuse the issues and mislead the jury."

The California Court of Appeal denied Grushen relief on this claim, concluding as

follows:

> Defendant contends the trial court improperly allowed the People to introduce
> evidence of his prior attack on the victim in this case.  We disagree with this claim.
> Defense counsel moved in limine to exclude evidence of defendant's 2004
> misdemeanor conviction for spousal battery, which was alleged in the information as the
> conviction that precluded defendant from possessing firearms and ammunition, as
> charged in counts seven and eight.
> The trial court found the battery evidence was not stale, was an offense
> committed by the defendant against the victim in the present case and bore some
> similarities to the instant offense, further, the current offense was more "egregious" than
> the prior conduct.  The trial court ruled the conviction itself was admissible for
> impeachment purposes, and also noted that the conviction was a pleaded element of two
> of the current charges.
> The jury was instructed on the limited purpose of this evidence and defendant
> does not challenge the adequacy of those instructions.
> [California] Evidence Code section 1109 allows the introduction into evidence of
> prior domestic violence to show that a person has the propensity to engage in such
> conduct, and defendant does not challenge the general validity of the statute in this case.
> (See *People v. Johnson* (2000) 77 Cal.App.4th 410, 419-20.)
> Defendant contends the trial court did not properly weigh the prejudicial effect of
> this evidence against its probative value, under [California] Evidence Code section 352.
> We disagree.
> Evidence Code section 352 provides: "The court in its discretion may exclude
> evidence if its probative value is substantially outweighed by the probability that its
> admission will (a) necessitate undue consumption of time or (b) create substantial danger
> of undue prejudice, of confusing the issues, or of misleading the jury."
> "'The prejudice which exclusion of evidence under Evidence Code section 352 is
> designed to avoid is not the prejudice or damage to a defense that naturally flows from
> relevant, highly probative evidence.'  [Citations.]  'Rather, the statute uses the word in its
> etymological sense of "prejudging" a person or cause on the basis of extraneous
> factors.'"  (*People v. Zapien* (1993) 4 Cal.4th 929, 958.)  Evidence Code section 352
> gives the trial court discretion to weigh possible prejudice against the probative value of
> evidence.  "The admissibility of evidence of domestic violence is subject to the sound
> discretion of the trial court, which will not be disturbed on appeal absent a showing of an
> abuse of discretion." (*People v. Poplar* (1999) 70 Cal.App.4th 1129, 1138 (*Poplar*).)

The battery evidence was not time-consuming or inflammatory in comparison to the current offense, the incident was not remote, and the evidence was relevant to show defendant had assaulted the same victim before. "Even before the enactment of section 1109, the case law held that an uncharged act of domestic violence committed by the same perpetrator against the same victim is admissible: 'Where a defendant is charged with a violent crime and has or had a previous relationship with a victim, prior assaults upon the same victim, when offered on disputed issues, e.g., identity, intent, motive, etcetera, are admissible based solely upon the consideration of identical perpetrator and victim without resort to a "distinctive modus operandi" analysis of other factors.'" (*People v. Hoover* (2000) 77 Cal.App.4th 1020, 1026.)

Defendant contends the prior act "of punching a girlfriend and throwing her against the wall in the privacy of their home does not create an inference that the same defendant would shoot that girlfriend with a handgun through a door while she is talking to a neighbor in that neighbor's house." But in both cases, defendant became violent when the victim discussed relationship problems with third parties. The People had the burden to prove defendant shot the victim, and the fact he had assaulted her in the past was relevant for that purpose.

Defendant also contends that the facts of the prior assault "would have evoked an emotional bias against" him. We disagree with this contention, because *shooting* a girlfriend is a more serious assault than punching her and pushing her into a wall, as the trial court found. The prior assault was not inflammatory in comparison to the current offense. (Cf. *People v. Harris* (1998) 60 Cal.App.4th 727, 738 [past offense "speculative" and "inflammatory *in the extreme*" in comparison to current offenses] (*Harris*).) And the fact the jury knew defendant had been punished for the prior assault further lessened its prejudicial impact. (*People v. Kelley* (1997) 52 Cal.App.4th 568, 579 ["prejudice was minimized by proof of the conviction. It validated the evidence and minimized the chance a jury would punish him for the prior offense, for which he had already been punished"]; cf. *Harris*, *supra*, 60 Cal.App.4th at pp. 738-738 ["jury would at best have concluded that defendant escaped appropriate rape charges and was *merely* convicted of burglary, leaving the rape victim unrevenged"].)

Defendant has not come close to showing the trial court acted arbitrarily or misapplied legal standards in assessing the admissibility of this evidence, therefore we find no abuse of discretion. (*Poplar*, *supra*, 70 Cal.App.4th at p. 1138.)

Further, the evidence of the current offense was quite strong. The prejudice flowing from a misapplication of Evidence Code section 352 is evaluated under the state-law standard of prejudice. (*People v. Marks* (2003) 31 Cal.4th 197, 226-227.)

Defendant contends that this was "a fairly close case on whether appellant had accidentally discharged the firearm or not." We disagree. Patrick had no apparent motive to lie, and her testimony shows defendant became enraged at the victim, pointed a gun at her, and fired. The fact, if it be a fact, that he shortly thereafter embraced the victim and claimed it was an accident does not explain why he fled, threatened Patrick when she went to get the children from the victim's house, while the police officer was standing behind her, and hid from the police. Therefore, it is not reasonably probable that, absent the battery evidence, defendant would have obtained a better result. (*People*

*v. Watson* (1956) 46 Cal.2d 818, 836.)

*People v. Grushen*, No. C059494, 2009 WL 2521162, at *3-5 (Cal. Ct. App. Aug. 18, 2009).

The Supreme Court has left open the question of whether the admission of prior crimes to show propensity violates due process. *See Estelle v. McGuire*, 502 U.S. 62, 75 n.5 (1991) ("[W]e express no opinion on whether a state law would violate the Due Process Clause if it permitted the use of "prior crimes" evidence to show propensity to commit a charged crime."); *see also Alberni v. McDaniel*, 458 F.3d 860, 866 ("We cannot conclude that the Nevada Supreme Court acted in an objectively unreasonable manner in concluding that the propensity evidence introduced against [the petitioner] did not violate due process, given that *Estelle* expressly left this issue an 'open question.'"). Given the lack of Supreme Court precedent on the issue, this Court cannot say that the decision of the court of appeal was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Musladin*, 549 U.S. at 77. Grushen is therefore not entitled to relief on this claim.

<u>Claim Two: Ineffective assistance of trial counsel</u>

Grushen next argues that Patrick testified that the police "threat[ened] to involve C.P.S. against her" which was "why she changed her account of the . . . incident/shooting," and that trial counsel was ineffective for "fail[ing] to investigate the case."

Grushen failed to exhaust this claim, as he only raised it in his first petition for habeas corpus filed with the superior court. Exhaustion of state remedies requires the petitioner to fairly present federal claims to the state courts in order to give the state the opportunity to pass upon

and correct alleged violations of its prisoners' federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995). To have properly exhausted his state court remedies, Grushen must have presented both the legal arguments and the factual basis to the highest state court. *See Peterson v. Lampert*, 319 F.3d 1153, 1155-56 (9th Cir. 2003). Unexhausted claims must be dismissed. *See Rhines v. Weber*, 544 U.S. 269, 275-78 (2005).

However, this Court need not rely on this basis as it may deny the petition on the merits notwithstanding the lack of exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."). In this case, Grushen's claim is without merit.

To demonstrate ineffective assistance of counsel under *Strickland v. Washington*, a defendant must show both that his counsel's performance was deficient and that the deficient performance prejudiced his defense. 466 U.S. 668, 687 (1984). A deficient performance is one in which "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* The Supreme Court has explained that, if there is a reasonable probability that the outcome might have been different as a result of a legal error, the defendant has established prejudice and is entitled to relief. *Lafler v. Cooper*, 132 S. Ct. 1376, 1385-86 (2012); *Glover v. United States*, 531 U.S. 198, 203-04 (2001); *Williams*, 529 U.S. at 393-95. Thus, Grushen must show that defense counsel's representation was not within the range of competence demanded of attorneys in criminal cases, and that there is a reasonable probability that, but for counsel's ineffectiveness, the result would have been different. *See Hill v. Lockhart,* 474 U.S. 52, 57 (1985).

An ineffective assistance of counsel claim should be denied if the petitioner fails to make

a sufficient showing under either of the *Strickland* prongs.  *See Strickland*, 466 U.S. at 697

(courts may consider either prong of the test first and need not address both prongs if the

defendant fails on one).

In reviewing ineffective assistance of counsel claims in a federal habeas proceeding:

> The question "is not whether a federal court believes the state court's
> determination" under the *Strickland* standard "was incorrect but whether that
> determination was unreasonable—a substantially higher threshold."  And,
> because the *Strickland* standard is a general standard, a state court has even more
> latitude to reasonably determine that a defendant has not satisfied that standard.

*Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (citations omitted); *see also Runningeagle v.*

*Ryan*, 686 F.3d 758, 775 (9th Cir. 2012).

 On direct examination, Patrick admitted, *inter alia*, that, during her initial contact with

police, she claimed White opened her door and she heard two shots but she did not remember

anything else.  Patrick also admitted that she did not initially identify Grushen as the shooter.

Defense counsel cross-examined Patrick about the inconsistency between her initial statement to

police and her later statement and testimony that she did in fact remember the incident and that

Grushen was the perpetrator.  Patrick explained that she gave the second statement to police

identifying Grushen as the shooter because, during their first encounter, the officers originally

suggested that Patrick was the perpetrator and one of the officers was "really rude" and "said he

was going to call CPS."  Grushen's claim that trial counsel was ineffective for "failing to

investigate the case" in light of Patrick's testimony is without merit.  The record indicates that

defense counsel's cross-examination effectively suggested that Patrick pointed the finger at

Grushen to avoid entangling herself with law enforcement and CPS, and there is nothing to

indicate that counsel's failure to further investigate either Patrick or the case amounted to deficient performance. *See Strickland*, 466 U.S. at 697 (courts may consider either prong of the test first and need not address both prongs if the defendant fails on one). Grushen is therefore not entitled to relief on this claim.

<u>Claims Three and Four: Ineffective assistance of Appellate Counsel</u>

Grushen lastly argues that appellate counsel was ineffective for failing to argue on direct appeal that the trial court erred by not striking the firearm enhancement and by improperly imposing a consecutive sentence of 25 years to life for that enhancement, and also for not arguing that trial counsel was ineffective for unidentified reasons.

Grushen raised his claim that appellate counsel failed to raise the challenge to his sentence in his third petition for writ of habeas corpus filed with the superior court. The superior court concluded that the trial court did not err in failing to strike the enhancement or in sentencing Grushen to a consecutive term of 25 years to life for that enhancement. Grushen also raised this claim in his second and third petitions filed with the court of appeal. Grushen failed to present this claim to the California Supreme Court, and accordingly they are unexhausted, *see Lampert*, 319 F.3d at 1155-56, and must be dismissed, *see Rhines*, 544 U.S. at 275-78.

In any event, Grushen's claims are without merit. *See* 28 U.S.C. § 2254(b)(2). Claims of ineffective assistance of appellate counsel are reviewed according to the standard as set forth in *Strickland*, 466 U.S. 668. *Miller v. Keeney*, 882 F.2d 1428, 1433 (9th Cir. 1989). California Penal Code § 12022.53(d) requires a court to impose a consecutive term of imprisonment of 25 years to life where it is found that a defendant personally discharged a firearm and proximately caused great bodily injury or death. Here, the jury found the enhancement to be true, and the

trial court imposed the sentence as required by state law.  Appellate counsel cannot be deemed

ineffective for failing to raise a meritless claim.  *See Lockhart v. Fretwell*, 506 U.S. 364, 374

(1993) (O'Connor, J., concurring) (failing to raise a meritless objection cannot constitute

prejudice under a *Strickland* ineffective assistance of counsel claim); *Jones v. Barnes*, 463 U.S.

745, 754 (1983) (appellate counsel is not under "a duty to raise every 'colorable' claim

suggested by a client").  Lastly, Grushen fails to state what ineffective assistance of counsel

claims appellate counsel should have brought on direct appeal.  "[C]onclusory suggestions that .

. . state appellate counsel provided ineffective assistance fall far short of stating a valid claim of

constitutional violation."  *Jones v. Gomez*, 66 F.3d 199, 205 (9th Cir. 1995).  Grushen is

therefore not entitled to relief on his ineffective assistance of appellate counsel claims.

V. CONCLUSION

Grushen is not entitled to relief on any ground raised in his Petition.

**IT IS THEREFORE ORDERED THAT** the Amended Petition under 28 U.S.C. § 2254

for Writ of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of

Appealability.  *See* 28 U.S.C. § 2253(c); *Banks v. Dretke*, 540 U.S. 668, 705 (2004) ("To obtain

a certificate of appealability, a prisoner must 'demonstrat[e] that jurists of reason could disagree

with the district court's resolution of his constitutional claims or that jurists could conclude the

-13-

issues presented are adequate to deserve encouragement to proceed further.'" (quoting *Miller-El*, 537 U.S. at 327 (2003)).  Any further request for a Certificate of Appealability must be addressed to the Ninth Circuit Court of Appeals.  *See* FED. R. APP. P. 22(b); Ninth Circuit R. 22-1.

The Clerk of the Court is to enter judgment accordingly.

Dated: February 12, 2014.

/s/James K. Singleton, Jr.
JAMES K. SINGLETON, JR.
United States District Judge